THE ST. LOUIS NATIONAL STOCK YARDS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALFRED E. SHARP, Defendant in Error.)

*Opinion filed February 24, 1928.*

WORKMEN'S COMPENSATION—*when total disability resulting from disease subsequent to injury is compensable.* Total and permanent disability resulting from a paralytic stroke and cerebral spinal syphilis is compensable where the evidence shows that prior thereto the employee, in the course of his employment, suffered a severe injury in the region of the lower spine, that the fractures never fully healed, that the disease was not an independent, intervening cause of the disability, and that the employee had worked steadily prior to the injury.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. LOUIS F. BERNREUTER, Judge, presiding.

MCGLYNN & MCGLYNN, for plaintiff in error.

EDGAR P. HOLLY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of St. Clair county confirming the award of the Industrial Commission awarding defendant in error, Alfred E. Sharp, compensation and a pension for total and permanent disability.

Sharp was employed by plaintiff in error at its stock yards in East St. Louis as a gate tender and had been so

employed for about twelve years. December 11, 1923, he was attacked by a bull and suffered severe injury by being crushed against the fence. There was a separation of the pubic bones and a severe fracture of the hip bones. He was confined to his bed for more than a month and was not able to return to work until May 5, 1924. Thereafter he performed the same duties as before he was injured and received the same compensation. In October he was absent from his work about a month because of illness. In November he worked until the evening of the 19th and returned from his work that evening feeling about as usual and went to bed. About five o'clock the next morning, as he began to get up to go to work, he suffered a paralytic stroke, which affected the left side of his body. He has not been able to work since. X-ray and neurological examinations indicated that he was suffering from cerebral spinal syphilis, and these findings were confirmed by tests of his blood and spinal fluid.

Defendant in error was severely injured while in the employ of plaintiff in error. Prior to his accident he worked steadily, though he had suffered some from what he called rheumatism. His injuries were in the region of the lower spine and some of the fractures never completely healed. No doubt the disability resulting from the injury has been aggravated by the general condition of his health, but it cannot be said that his disability is not directly traceable to the accidental injury. The evidence does not sustain the contention of plaintiff in error that syphilis is an independent, intervening cause of the total and permanent disability of defendant in error. He is now totally and permanently disabled, and his disability is directly traceable to the accidental injury suffered while in the employ of plaintiff in error. This being true, the award of the Industrial Commission is right.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*